Robert D. Kline,

   PLAINTIFF

    V.

Ryan Michael Mullen,

   DEFENDANT

)
)
)
)
)
)
)
)
)
)

IN THE COURT OF COMMON
PLEAS, MIFFLIN COUNTY, PA
CIVIL ACTION - LAW
NO. CV- 2020 - *403*

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

 Please issue a writ of summons in the above case to the defendant whose address is as follows:

Ryan Michael Mullen
2297 W. Trail Dr.
Olathe, KS 66061

 Summon(s) shall be forwarded to Robert D. Kline, J. D., 2256 Fairview Road, McClure, PA 17841, who will have service arranged consistent with the rules.

Robert D. Kline, J. D.
2256 Fairview Road
McClure, PA 17841
Telephone 570-658-3448

*April 1, 2020*

FILED
MIFFLIN COUNTY
2020 APR - 6  AM 10: 30
PROTHONOTARY
CLERK OF COURTS

Robert D. Kline,

   PLAINTIFF

    V.

Ryan Michael Mullen,

   DEFENDANT

)
)
)
)
)
)
)
)
)
)
)

IN THE COURT OF COMMON
PLEAS, MIFFLIN COUNTY, PA
CIVIL ACTION - LAW
NO. CV- 2020 -

## **WRIT OF SUMMONS**

To:  Ryan Michael Mullen

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF HAS
COMMENCED A CIVIL ACTION AGAINST YOU.

_Tammy Struk_
Prothonotary/Clerk, Civil Div.

by _____
   Deputy

April ___6___ , 2020

FILED
MIFFLIN COUNTY
2020 APR -6  AM 10: 30
PROTHONOTARY
CLERK OF COURTS

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

April 1, 2020

FILED
MIFFLIN COUNTY
2020 APR -6  AM 10: 30
PROTHONOTARY
CLERK OF COURTS

| | |
|---|---|
| Robert D. Kline, | ) IN THE COURT OF COMMON |
| | ) PLEAS, MIFFLIN COUNTY, PA |
| PLAINTIFF | ) CIVIL ACTION - LAW |
| | ) NO. CV- 2020 - 403 |
| V. | ) |
| | ) |
| Ryan Michael Mullen, | ) |
| | ) |
| | ) |
| DEFENDANT | ) |

**PLAINTIFF'S COMPLAINT**

**PLAINTIFF**                                          **DEFENDANTS**

Robert D. Kline                                          Ryan Michael Mullen
2256 Fairview Road                                    2297 W. Trail Dr.
McClure, PA 17841                                    Olathe, KS 66061
570-658-3448

Robert D. Kline,             )   IN THE COURT OF COMMON
                                )   PLEAS, MIFFLIN COUNTY, PA
       PLAINTIFF       )   CIVIL ACTION - LAW
                                )   NO. CV- 2020 - 403
           V.          )
                                )
Ryan Michael Mullen,     )
                                )
                                )
       DEFENDANT    )

## NOTICE

    You have been sued in court.  If you wish to defend against the claims set forth on the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may loose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MIDPENN LEGAL SERVICES
3 WEST MONUMENT SQUARE, SUITE 303
LEWISTOWN, PA 17044
717-248-3099

Robert D. Kline,                             )    IN THE COURT OF COMMON
                                             )    PLEAS, MIFFLIN COUNTY, PA
          PLAINTIFF                          )    CIVIL ACTION - LAW
                                             )    NO. CV- 2020 - 403
          V.                                 )
                                             )
Ryan Michael Mullen,                         )    JURY TRIAL DEMANDED
                                             )
                                             )    E-FILE
          DEFENDANT                          )


### "PLAINTIFF'S COMPLAINT"

### FACTS COMMON TO ALL COUNTS

1. Plaintiff, **Robert D. Kline**, is an adult individual who at all times relevant herein has a residence at 2256 Fairview Road, McClure, PA 17841 and is listed on the Commonwealth of Pennsylvania "Do Not Call" registry ("DNC").

2. Plaintiff, upon information and belief, hereby alleges that at all times relevant herein Defendant, **Ryan Michael Mullen** is an insurance agent selling various health insurance products and was served with a writ of summons by U.S. Mail, certified service, restricted delivery at 2297 W. Trail Dr. Olathe, KS 66061.

3. Plaintiff believes and therefore avers that for all times relevant herein Defendant works for Pinnacle Consulting Group, LLC tdba Senior Plus Advisors which has an office located at 11225 College Blvd #230, Overland Park, KS 66210.

4. Plaintiff believes and therefore avers that for all times relevant herein

Defendant was engaged in the illegal telemarketing of various insurance plans via telephone (phone) with the use of live, automatically dialed and prerecorded ("robo") calls.

5. Plaintiff believes and therefore avers that the calls described herein and placed by Defendant and/or his agents/reps, subcontractors or employees to Plaintiff's cell phone (570-658-3448) utilized   "automatic telephone dialing system" ("ATDS") technology as defined by 47 U.S.C. §227 (a)(1) and is further described in the next paragraph.

6.   Plaintiff avers that, more specifically, Defendants and/or their agents used ("ATDS") type equipment to do telemarketing which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person) which enables the production of automatic calls to potential clients.

7. Plaintiff believes and therefore avers that ATDS/robo illegal telemarketing calls when made to Plaintiff were made either by Defendant working in concert or through agents and/or subcontractors without Plaintiff's written expressed written permission and all Defendants were the beneficiaries of the illegal conduct alleged herein.

8. Such illegal telemarketing activities as described herein this Complaint are in violation of 47 U.S.C. 227 et seq. which is commonly known as the Telephone Consumer Protection Act ("TCPA").

9. Plaintiff avers that when Defendant makes an ATDS type call to

prospective clients telephones, it caused various electronic "blip" noises as well as "dead air" time prior to an agent answering.

10. Plaintiff avers that upon information and belief, since Defendant directly engaged in illegal telemarketing activities as well as supported other agents which regularly use illegal telephone solicitation via ATDS machines and/or prerecorded calls all of which he knew or should have known are done without permission of the Plaintiff called, he has willfully and knowingly engaged in illegal activities under the TCPA.

11. Plaintiff believes and therefore avers that Defendant's telemarketing operations are ultra vires activities and, as such, he is not protected by the corporate veil or umbrella of any corporation that he would claim and, accordingly, he is personally liable for his own illegal actions and vicariously liable for the illegal actions of their agents as well as other employees and subcontractors that aided him in attempting to sell his products while violating the TCPA.

12. Plaintiff avers that he is not and was not a customer of the Defendants prior to the phone calls described herein and that he a "person" within the meaning of 47 U. S. C. §153(39).

13. Plaintiff further avers that he has never given his expressed written permission for Defendants and/or their agents to call him on his cell phone.

14. The TCPA was designed to prevent calls like the call described within this complaint, and to protect the privacy of citizens like the Plaintiff.

15. Plaintiff avers that voluminous consumer complaints about abuses of

telephone technology, such as computerized calls dispatched to private homes, prompted Congress to pass the TCPA.

16.   When Congress enacted the TCPA, they found, inter alia, that automated calls and prerecorded messages are a "nuisance," and an "invasion of privacy," and that the phone subscriber may have to pay for each call.

17.  Plaintiff avers that in enacting the TCPA, Congress intended, inter alia, to give consumers a choice as to how creditors and telemarketers may call them, and made specific finding that "technologies that might allow consumer to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer as illuminated in TCPA, Pub. L. No. 102-243 § 11.

18.   Plaintiff avers that Congress also found that, inter alia, banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

19.  Plaintiff aver that the Federal Communication Commission ("FCC") has made ruling regarding the TCPA's vicarious liability standards as it relates to telemarketing and as early as 1995, the FCC stated that calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call.

20.  Plaintiff avers that the TCPA legislation was enacted to suppress illegal telemarketing calls that are like the call that is pleaded herein as well as punish

those who make them by allowing a private right of action that provides a statutory fine for the benefit of those affected.

21. Defendant or his agent's phone call constituted calls that was not for emergency purposes as illuminated in 47 U.S.C. §227 et seq.

22. The telephone calls and activities described herein below which were caused by Defendant and/or his agents violated various provisions of 47 U. S. C. §227.

23. Upon information and belief Plaintiff avers that Defendant was not registered as telemarketers in the Commonwealth of Pennsylvania as required by The Pennsylvania Telemarketing Registration Act 73 P.S. §§2241 – 2249 ("the Act") when they made the call to Plaintiff nor has he posted the required $50,000.00 bond.

24. The Act provides at § 2243(c), inter alia, that failure to register as required by the act constitutes a misdemeanor of the second degree.

25. The Communications Act of 1934, states, inter alia: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user as well as of that person." 47 U.S.C. § 217.

26. Plaintiff believes and therefore avers that Defendant's telemarketing operations and activities are ultra vires activities and, as such, they are not protected by the corporate veil of Pinnacle Consulting Group, LLC tdba Senior Plus Advisors or any other corporation that he would claim and, accordingly, he

is personally liable for his own illegal actions and vicariously liable for the illegal actions of his agents as well as other employees and subcontractors that aided them in attempting to sell his products and services while violating the TCPA.

27. Plaintiff avers that he is not and was not a customer of the Defendant prior to the calls described herein.

28. Plaintiff further avers that Defendant is personally liable for the claims of the Plaintiff as he personally participated in the illegal actions described herein because he, inter alia, failed to supervise those agents and subordinates under him to assure compliance with the TCPA.

### COUNT I – WILLFUL VIOLATION OF  47 U. S. C. §227(b)(1)(A)(iii)

29. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

30. Plaintiff avers that on March 31, 2020 at 2:53 PM he received a  phone call on his cell phone from 773-734-6139 and when he answered he heard "dead air" followed by an electronic "blip" after which an "Avatar" artificial message was played announcing "Health Quotes" after which Plaintiff answered questions relating to insurance.

31. After the Avatar call referenced above an agent who identified herself as Jamie indicated she was a verifier and asked more questions relating to insurance.

32. Plaintiff discussed insurance products with said Jamie in an attempt to discover who she was working for and who was responsible for the illegal calling practices.

33.   Plaintiff avers that Jamie indicated, inter alia, that she will transfer Plaintiff to a licensed sales agent after which Defendant began speaking on the phone to Plaintiff making insurance policy offers.

34.   Plaintiff believes and therefore avers that the call referenced above was made by the "reps" of the Defendant and was an ATDS/robo type call  which violates 47 U. S. C. §227(b)(1)(A)(iii).

35. Plaintiff has suffered concrete injury in fact because the calls referenced herein deplete both the memory and battery capacity of the Plaintiff's cell which diminishes the usefulness of said phone as well as causes general allowance.

36.   Since calling the Plaintiff as described under Count I was made without written expressed permission of Plaintiff and was a telemarketing/ATDS call, Defendants have violated 47 U.S.C. 227 et seq. which entitles the Plaintiff to statutory damages of $500.00.

37.   Plaintiff avers that the calls referenced herein this Count I were made knowingly and willfully without proper safeguards as required by the TCPA and that he is therefore entitled to $1500.00 for the call referenced herein this Count.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Thousand Five Hundred Dollars ($1,500.00) plus the costs of this action for the violations of the TCPA as illuminated herein this Count.

## COUNT II
### FAILURE TO PROVIDE IDENTITY OF BUSINESS (ROBO)
### 47 C.F.R. 64.1200(b)(1)

38.   Plaintiff incorporates by reference each preceding and succeeding

paragraph as though fully set forth herein.

39.   During the call that is referenced in Count I Defendant failed to provide the correct phone number of his organization as required by law.

40.   Plaintiff avers that Defendant call did not provide any identification of the business or who was calling as required by law.

41.   Plaintiff avers that Defendant call did not provide any opt out capability as require by law.

42.   Plaintiff avers that the TCPA provides in pertinent part at 47 C.F.R. 64.1200(b)(1), (2), (3):

(b) All artificial or prerecorded voice telephone messages shall:

(1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated;

(2) During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges. For telemarketing messages to residential telephone subscribers, such telephone number must permit any individual to make a do-not-call request during regular business hours for the duration of the telemarketing campaign; and

(3) In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request,

including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section. When the called person elects to opt out using such mechanism, the mechanism, must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call. When the artificial or prerecorded voice telephone message is left on an answering machine or a voice mail service, such message must also provide a toll free number that enables the called person to call back at a later time and connect directly to the automated, interactive voice- and/or key press-activated opt-out mechanism and automatically record the called person's number to the seller's do-not-call list.

43. Plaintiff avers it is a violation of the TCPA to violate any of the FCC's implementing regulations under 47 C.F.R. § 64.1200 and thus there is an implied private right of action.

44. Plaintiff avers that Defendant, by ignoring or not following the provisions of 47 C.F.R. 64.1200(b)(1), (2), (3),  has thus knowingly and willfully violated 47 C.F.R. §64.1200(d)(1).

45. As a result of the numerosity of Defendant's violations it is apparent that the  violations identified herein are willful violations of 47 C.F.R. 64.1200(d)(1), Plaintiff seeks for himself treble damages, as provided by statute, up to $1500.00 for the violations described herein this Count for failing to use robo technology that conforms to the requirements of this section.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Thousand Five Hundred ($1500.00) plus the costs of this action.

## COUNT III – GENERAL DAMAGES UNDER TCPA

46. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

47.  Plaintiff avers that Defendant has caused him harm by requiring him to investigate this matter.

48.  Plaintiff believes and therefore avers that the TCPA does not limit other claims that are related to unwanted telephone calls and/or limit damages.

49.  Plaintiff avers that he spent considerable time and resources to investigate the violations of Defendant and that he is entitled to compensation for time and resources spent.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Thousand Dollars ($1000.00) for his efforts and time plus the costs of this action.

## COUNT IV - TRESPASS TO CHATTELS

50.  Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

51.  Plaintiff, not the Defendant, pays money to his cell phone carrier for service and equipment which enables him to receive and make calls and, therefore, his phone for all purposes herein is his personal property.

52.  The phone call which is identified and described herein was made illegally by or through Defendant to Plaintiff and was unwanted as well as unsolicited by Plaintiff.

53.  Since said cell phone service described above is for all purposes herein Plaintiff's personal property to use as he sees fit and, since Defendant's call to Plaintiff was made without his written permission, the Defendant is liable for trespass to chattels, since it diminishes the holding capacity of desired calls and

reduces battery capacity which has damaged the Plaintiff and caused concrete injury in fact.

54. Since Plaintiff has had his property damaged by Defendant he is entitled to seek money damages from Defendant in the amount of One Dollar ($1.00) for the call that is described herein this Complaint.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Dollar ($1.00) for the call that was illegally made plus the costs of this action.

## COUNT V – INVASION OF PRIVACY

55. All preceding and succeeding paragraphs are hereby incorporated as though fully pleaded herein.

56. Plaintiff avers that Defendant, in his quest to make money in his call campaign, did not use "scrubbed" lists of phone numbers which are free from cell phone numbers and the cell phone number of the Plaintiff is listed on the Commonwealth of Pennsylvania "do not call" registry.

57. Plaintiff avers that agents of the Defendant have called him before and know he does not want insurance or telemarketing phone calls.

58. Plaintiff avers that Defendant is a sophisticated telemarketing organization that acts volitionally, plays the odds, ignores the rights of the Plaintiff as well as others and seems to be undeterred despite having been in violation of the law in numerous ways.

59. Given all the averments pleaded in this suit thus far, Plaintiff considers the methods of conducting business and actions of the Defendant that are

described herein to be outrageous and highly offensive that caused the Plaintiff anxiety, mental distress as well as loss of joy of life which constitutes further injury in fact.

60. Defendant, by engaging in the illegal behaviors described herein, especially in light the specific legislation enacted by Congress, have thereby manifested intentional, wanton, reckless conduct that exceeds the limits of gross negligence which would absolutely be highly offensive to a reasonable person and constitutes invasion of privacy which U.S. Congress has affirmed violates the intent of the TCPA.

WHEREFORE Plaintiff demands judgment against Defendant in the amount of Two Thousand Dollars ($2,000.00) plus the costs of this action.

Respectfully submitted,

Robert D. Kline, J. D.
2256 Fairview Road
McClure, PA 17841
Telephone 570-658-3448

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

April 17, 2020

---

## VERIFICATION

The undersigned verifies that the statements he made in the foregoing Plaintiff's Complaint are true and correct to the best of his knowledge, information and belief and I understand that statements made there are subject penalties of 18 Pa. C. S. A. § 4904 relating to unsworn falsification to authorities.

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

April 17, 2020

## CERTIFICATE OF SERVICE

On April 17, 2020, I Robert D. Kline, Plaintiff herein served a copy of Plaintiff's Complaint on the defendant listed below via U. S. Mail, postage paid addressed as follows:

Ryan Michael Mullen
2297 W. Trail Dr.
Olathe, KS 66061

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448